**James J. Orland, Esq.**  (State Bar No.161937)
**Jeffrey J. Olin, Esq.** (State Bar No. 298826)
**ORLAND LAW GROUP**
1334 Parkview Avenue, Suite 100
Manhattan Beach, CA 90266
310/546-8139 - Telephone
310/546-8193 - Facsimile

**Attorneys for Plaintiff** AVEAN EDWARDS, individually and as a Personal Representative of Earl Lee Johnson

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| AVEAN EDWARDS, individually and as a Personal Representative of Earl Lee Johnson, | Case No. 2:15-CV-2553 |
| Plaintiff, | **PLAINTIFF'S COMPLAINT FOR DAMAGES** |
| vs. | 1. Violation of Federal Civil Rights [42 USC §§1983, 1985, 1986, 1988] |
| COUNTY OF LOS ANGELES; LOS ANGELES COUNTY SHERIFF'S DEPARTMENT; SHERIFF LEROY BACA, and DOES 1 through 50, inclusive, | 2. Violation of Federal Civil Rights: Monell Claim [42 USC §§1983, 1985, 1986, 1988] |
| Defendants. | **DEMAND FOR JURY TRIAL** |

1

**COMPLAINT**

COMES NOW, Plaintiff AVEAN EDWARDS, individually and as a Personal Representative of Earl Lee Johnson, who hereby alleges the following allegations and facts in support of their Complaint against all Defendants, and who hereby demands a speedy jury trial on all causes of action stated against the named Defendants herein as follows:

**PARTIES**

1.     Plaintiff, AVEAN EDWARDS is surviving parent of Decedent EARL LEE JOHNSON, and all times mentioned herein was an individual residing in Los Angeles County, State of California.  AVEAN EDWARDS, individually, is an 'heir at law' of Decedent EARL LEE JOHNSON, as that term is defined by the California Code of Civil Procedure Section 377.60(a) and elsewhere and has legal standing to maintain an action for wrongful death based upon the death of her son, EARL LEE JOHNSON ("Decedent"), under California Code of Civil Procedure Section 377.60.  Plaintiff AVEAN EDWARDS ("Plaintiff") may maintain causes of action under 42 U.S.C. §1983, and violation of California Civil Code §§51.7, 52 and 52.1.

2.     At all times mentioned herein Defendant COUNTY OF LOS ANGELES was and is a public entity and municipal corporation, duly organized and existing under and by virtue of the laws of the State of California.

3.     Plaintiff is informed and believes and thereupon alleges, that at all times relevant herein Defendants SHERIFF LEROY BACA and Does 1-100 were residents of the County of Los Angeles, State of California, and were deputy sheriffs, sergeants, captains, lieutenants, commanders and supervisors, and/or civilian employee agents, policy makers and representatives of the Los Angeles County Sheriff's Department, as well as employees, agents and representatives of Defendant County of Los Angeles at the time of this incident.

2

**COMPLAINT**

4.     At all times relevant herein Defendants, SHERIFF LEROY BACA and Does 1-100, inclusive, and each of them, were acting under the color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs, practices and usages of defendant County of Los Angeles, its police department, and the State of California.

5.     At all times mentioned herein Defendant LOS ANGELES COUNTY SHERIFF'S DEPARTMENT was and is a public entity and an organization of unknown entity, duly organized and existing under and by virtue of the laws of the State of California.

6.     Plaintiff is informed and believes, and thereupon alleges that at all times relevant herein, Doe defendants 1 through 10, inclusive, were supervisors and policy makers for the County of Los Angeles.

7.     The Plaintiff sues the fictitious Defendants DOES 1 through 100, inclusive pursuant to the California Code of Civil Procedures, Section 474, because their true names and/or capacities and/or other facts showing them liable are nor presently known. Plaintiff requests the Court's leave to amend this Complaint to set forth the true names ad capacities of such Defendants when ascertained by Plaintiff who further alleges that each of the said Defendants and Does are responsible in some manner for the occurrences herein alleged, and that the damages herein alleged were proximately caused by this accident.

8.     The reason why Plaintiff is ignorant of the true names and capacities of Defendants sues herein as Does 1 through 100, inclusive, is that some have been unascertainable as of the date of filing of the instant Complaint, as many of these Does may be sheriff deputies and/or civilian employee agents, policy makers and representatives of Defendant County of Los Angeles and/or Los Angeles County Sheriff's Department, and as such many of their records are protected by state statute and can only reasonably be ascertained through the discovery process.

**COMPLAINT**

9.     At all times relevant hereto said defendants were acting within the scope and course of their employment as officers, sergeants, captains, lieutenants, commanders and chiefs of police, and/or civilian employees, policy makers and representatives of the County of Los Angeles, The Los Angeles County Sheriff's Department, a department and subdivision of Defendant County of Los Angeles, and the wrongful acts hereinafter describes flow from the very exercise of their authority. Each defendant was also acting as an employee, agent and representative of each and every other defendant herein, and in doing the acts herein alleged were acting with the permission, consent, ratification and authority of their co-defendants.

### (GOVERNMENT CLAIM FILED)

10.     Pursuant to Government Code Sections 905 and 910, et seq., Plaintiff timely filed her Government Claim for Damages on December 3, 2014. Said claim was denied by the County of Los Angeles on January 20, 2015. Thus, Plaintiff timely filed this lawsuit. Plaintiff set forth in the Government Claim language to the effect that if the Government entity or individual were unable to ascertain the basis or scope of the claims against them or reason to believe that they were not a proper party then they should so notify Plaintiff's counsel. Plaintiff's counsel was not notified by any of the Defendants that they had any issues with the Government claims.

11.     Plaintiff further alleges that Defendants, and each of them, intentionally conspired to conceal, and did conceal, the true facts surrounding this incident, thereby attempting to prevent Plaintiff from obtaining the knowledge and information necessary to submit the instant complaint on a timely basis.

//
//
//

4

**COMPLAINT**

# FACTUAL ALLEGATIONS COMMON TO MORE THAN ONE CAUSE OF ACTION

## (EARL LEE JOHNSON HOUSED AT L.A. COUNTY JAIL)

12.     On or about September 27, 2014, Decedent was found to be hanging from a sheet in his cell while under the care of the LOS ANGELES COUNTY SHERIFF'S DEPARTMENT.  Decedent had a few days before, been to the emergency room at Los Angeles County USC Medical Center where he was treated for chest pain.

13.     On or about September 23, 2014, four days before he was found hanged, according to the Sheriff's Department, Decedent was released back to his cell.  During the time he was seeking medical care, he was alert, oriented, in no acute distress and was found to have no behavioral risks.

14.     On or about September 27, 2014, DOES 1 through 20 ("SHERIFF DOES"), for no justified reason and for no lawful justification, physically assaulted and struck Decedent in the head multiple times to the point where Decedent was unconscious.  SHERIFF DOES, then in an effort to cover up the unprovoked and malicious attack, hung Decedent in his cell with a bed sheet.

15.     As a result of the beating and subsequent hanging, Decedent was taken to the emergency room where he remained in critical condition until he passed away on or about October 18, 2014. From September 27, 2014 to October 18, 2014, Decedent suffered extreme physical pain and suffering due to the actions of Defendant Does 1 through 20.

16.     The actions of the defendants and each of them, were in violation of the Fourth and Fourteenth Amendments of the United States Constitution and the actions undertaken by Defendants constituted an unjustified seizure of his person, deprivation of his liberty interest, excessive force and were in violation of

Decedent's civil rights under color of law under 4 U.S.C. §1983 and other sections of the United States Code as more fully set forth herein.

17.     Plaintiff is informed and believes and thereon alleges that, Defendants LOS ANGELES COUNTY SHERIFF'S DEPARTMENT and DOES 21 through 40, and their decision makers, with deliberate indifference, gross negligence and reckless disregard to the safety, security, and constitutional and statutory rights of Decedent and Plaintiff, and all persons similarly situated, maintained, enforced, tolerated, permitted, acquiesced in, and applied policies, practices, or customs and usages of, among other things:  subjecting people to unreasonable uses of force against their persons;

        a.     selecting, retaining and assigning employees with demonstrable propensities for excessive force, violence and other misconduct;

        b.     failing to adequate train, supervise, and control employees in the dangers of repeated discharge of firearms, including, without limitation, the use of potentially lethal tactics, on individuals who may have pre-existing medical conditions which make such tactics unreasonably dangerous;

        c.     failing to adequately discipline officers engaged in misconduct;

        d.     condoning and encouraging officers in the belief that they can violate the rights of persons such as Decedent in this action with impunity, and that such conduct will not adversely affect their opportunities for promotion or other employment benefits.

18.     Plaintiff alleges that at no time was Decedent a threat to himself, anyone and/or the Sheriffs and causing his death under these conditions was unnecessary, unreasonable, unjustified and amounts to murder.

19.     Defendants, and each of them, negligently, carelessly, recklessly with deliberate indifference and/or in any other actionable manner hired, employed, retained, trained, supervised, assigned, controlled, and failed to adequately

6

**COMPLAINT**

1 │ supervise, manage and discipline Sheriffs, and/or civilian employee agents, policy

2 │ makers and representatives. Including the members of the LOS ANGELES

3 │ COUNTY SHERIFF'S DEPARTMENT, even though Defendants, and each of

4 │ them, knew, or in the exercise of reasonable diligence should have known, that all

5 │ said Sheriffs had a propensity for using unnecessary, unreasonable, and/or

6 │ excessive and deadly force, and were otherwise vicious and unfit to be given

7 │ responsibilities of law enforcement Sheriffs and/or had not properly been cleared

8 │ for duty.

9 │      20.    Nevertheless, Defendants, and each of them, negligently, carelessly,

10 │ and/or with wanton disregard and deliberate indifference for the public safety of an

11 │ identifiable class of victims, including claimant, employed, managed, trained and

12 │ supervised said Sheriffs, including the members of the Los Angeles County Sheriff

13 │ Department, proximately causing the severe injuries to Plaintiff.

14 │      21.    The policy and procedure of the LOS ANGELES COUNTY

15 │ SHERIFF'S DEPARTMENT, as implemented and approved, by Sheriff LEROY

16 │ BACA, were a substantial factor in causing the death of Decedent. Plaintiff alleges

17 │ that the above described acts and/or omissions are part of a policy, custom and

18 │ practice of Defendants, and each of them.

19 │      22.    The above-described acts and omissions were carried out by and

20 │ through Defendants' Sheriffs, agents, servants and/or employees, including the

21 │ members of the Los Angeles County Sheriffs, agents, servants and/or employees,

22 │ including the members of the LOS ANGELES COUNTY SHERIFF

23 │ DEPARTMENT, who negligently, carelessly, recklessly, intentionally and/or

24 │ wantonly assaulted or caused to be assaulted, battered Decedent and/or used

25 │ excessive deadly force against him and/or allowed his death which was preventable

26 │ had the Sheriffs been adequately trained, supervised and/or managed, while in the

27 │

28 │

**COMPLAINT**

course and scope of said agency, service and/or employments. Their actions and/or omissions were the proximate cause of Decedent's death.

23. Plaintiff is informed and believes and thereon alleges that defendants SHERIFFS have a longstanding custom, policy and practice of violating civil rights, including excessive use of force and other similar actions and ordered authorized, acquiesced and tolerated, permitted or maintained custom and usages permitting the other defendants herein to engage in the unlawful and unconstitutional actions, policies, practices and customs or usages as set forth in the foregoing paragraph. Defendants conduct as alleged herein constitutes a pattern of constitutional violations based either on a deliberate plan by defendants or on defendants' deliberate indifference, gross negligence or reckless disregard to the safety, security and rights of Plaintiff and the Decedent.

24. Plaintiff alleges that defendants acted in violation of the United States Constitution and that Decedent's constitutional rights were violated. Defendants, and each of them, acted in violation of decedent's constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution. Decedent was subjected to an excessive amount of unlawful force and defendants engaged in affirmative conduct and caused harm to Decedent, which ultimately resulted in his death as a result of injuries suffered in his cell by the Defendants.

25. The policy and procedure of the Los Angeles County Sheriff's Department, as implemented and approved, by SHERIFF LEROY BACA, and the policy and procedures of the County of Los Angeles were a substantial factor in causing the death of Decedent. Plaintiff alleges that the above described acts and/or omissions are part of a policy, custom and practice of Defendants, and each of them.

26. Plaintiff further alleges that by providing facilities and security at the men's central jail, the officers, including members of the LOS ANGELES

8

COUNTY SHERIFF'S DEPARTMENT, SHERIFF LEROY BACA and, personnel or others from the County of Los Angeles, Defendants LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, and the COUNTY OF LOS ANGELES through their agents, voluntarily undertook a duty to protect Decedent. Therefore, special relationship existed between Decedent and Defendants, which gave rise to a duty to protect Decedent. Defendants breached that duty by the wrongful acts described herein, including the malicious beating to the head of Decedent and subsequent cover up of their actions by hanging Decedent in his cell after the attack.

27.    Defendants LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, SHERIFF LEROY BACA, and the COUNTY OF LOS ANGELES and their agents, employees, supervisors and officers, negligently entrusted the security of these incarcerated individuals to these officers, despite having advanced knowledge that they were unfit to be placed back in the field, thereby increasing the risk of harm to the public at large as well as an identifiable group of victims, including the Plaintiff.

28.    As a result of the repeated unconstitutional actions of defendants and each of them, EARL LEE JOHNSON died.  Plaintiff has suffered and continues to suffer devastating and overwhelming severe emotional distress, disgust, anger, shock, fright, nervousness and terror.  Plaintiff has further suffered economic and non-economic damages.  In addition, Decedent EARL LEE JOHNSON suffered severe pain and suffering from September 27, 2014 until he died on October 18, 2014 due to the actions of Defendants.

//

//

//

//

**COMPLAINT**

## FIRST CAUSE OF ACTION

### VIOLATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. §1983

### (By Plaintiff Against All Defendants)

29.     The allegations of every other paragraph of this Complaint are hereby incorporated by reference as if set forth in full.

30.     This cause of action is to redress a deprivation, under color of authority, statute, ordinance, regulation, policy, custom, practice or usage of a right, privilege and immunity secured to Plaintiffs by the Fourth and Fourteenth Amendments to the United States Constitution.

31.     Defendants LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, SHERIFF LEROY BACA, and the COUNTY OF LOS ANGELES and Does 1 through 10, and each of them, owed a duty of ordinary care to avoid harm to Decedent.

32.     Plaintiff contends and herein alleges that Defendants LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, SHERIFF LEROY BACA, and the COUNTY OF LOS ANGELES and Does 1 through 10, and each of them, breached these aforementioned duties, either negligently or intentionally, in relation to all their interactions with Decedent on September 27, 2014, including, but not limited to, beating Decedent almost to death and then hanging Decedent to cover up their wrongful actions.

33.     Plaintiff contends and herein alleges that the aforementioned negligent/intentional breach of their duties by Defendant LOS ANGELES COUNTY SHERIFF'S DEPARTMENT and Does 1 through 10, constituted violations of the civil rights of Decedent EARL LEE JOHNSON, in contravention of 42 U.S.C. §1983 of the Fourth and Fifteenth Amendments of the Constitution of the United States.  Plaintiff further contends and alleges that Defendant LOS ANGELES COUNTY SHERIFF'S DEPARTMENT and Does 1 through 20

10

**COMPLAINT**

disregard of Decedent EARL LEE JOHNSON's aforementioned civil rights was done by either actual malice or deliberate indifference to Decedent EARL LEE JOHNSON's civil rights.

34.    On or about September 27, 2014, Defendant LOS ANGELES COUNTY SHERIFF'S DEPARTMENT and Does 1 through 20, and each of them, violated Decedent EARL LEE JOHNSON's civil rights under the Fourth and Fourteenth Amendment of the United States Constitution.  The violation was under color of state and federal law.  Defendant LOS ANGELES COUNTY SHERIFF'S DEPARTMENT and Does 1 through 20, and each of them, acted in violation of the Fourth and Fourteenth Amendments of the United States Constitution, when Decedent EARL LEE JOHNSON was brutally beaten and then hanged, which ultimately resulted in his death.

35.    The action of Defendant LOS ANGELES COUNTY SHERIFF'S DEPARTMENT and Does 1 through 20, and each of them, violated the Fourth and Fourteenth Amendment of the United States Constitution and violated 42 U.S.C. §1983.  The violation of Decedent EARL LEE JOHNSON's civil rights directly and proximately caused the injuries and damages to Plaintiff as more fully set forth below.

36.    The failure of Defendants LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, SHERIFF LEROY BACA, and the COUNTY OF LOS ANGELES, through their agents, voluntarily undertook a duty to protect Decedent, therefore, a special relationship existed between Decedent and Defendants, which gave rise to a duty to protect Decedent.  Defendants' breached that duty by the wrongful acts described herein.  Defendants LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, SHERIFF LEROY BACA, and the COUNTY OF LOS ANGELES and their agents, employees, supervisors and officers, negligently entrusted the security of incarcerated individuals to these officers, despite having

**COMPLAINT**

advanced knowledge that they were unfit to be placed in the field, thereby increasing their risk of harm to the public at large as well as the unidentified group of victims including the Decedent.   The actions of Defendants LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, SHERIFF LEROY BACA, and the COUNTY OF LOS ANGELES and their agents, employees, supervisors and officers were in violation of Decedent EARL LEE JOHNSON's civil rights to be free from loss of his physical liberty, interests and denial of substantive due process under the Fourth and Fourteenth Amendments of the United States Constitution.  In addition, in taking the aforesaid actions, Defendants LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, SHERIFF LEROY BACA, and the COUNTY OF LOS ANGELES and Does 1 through 10, and each of them, violated Decedent EARL LEE JOHNSON's civil rights, by being deliberately indifferent to his physical security as set forth in *Wood v. Ostrander,* 879 3d 2nd 583.

37.     Defendants LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, SHERIFF LEROY BACA, and the COUNTY OF LOS ANGELES and Does 1 through 20, and each of their actions as set forth directly and proximately caused injuries and damages to Plaintiff as more fully set forth below.   On or about September 27, 2015, defendants LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, SHERIFF LEROY BACA, and the COUNTY OF LOS ANGELES and Does 1 through 20 violated Decedent EARL LEE JOHNSON's and Plaintiff's civil rights by using a degree a physical coercion which is not objectively reasonable under the circumstances.  Defendants LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, SHERIFF LEROY BACA, and the COUNTY OF LOS ANGELES and Does 1 through 10 and their actions were the proximate cause of the ultimate death of EARL LEE JOHNSON.  The failure to protect Decedent EARL LEE JOHNSON and the excessive use of force on EARL

**COMPLAINT**

LEE JOHNSON violated Plaintiffs Fourth and Fourteenth Amendment rights. Each of the defendants, LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, SHERIFF LEROY BACA, and the COUNTY OF LOS ANGELES and Does 1 through 20, is individually liable for the violation of Decedent EARL LEE JOHNSON's and Plaintiff's civil rights apart from the policies and practices of the LOS ANGELES COUNTY SHERIFF'S DEPARTMENT and the COUNTY OF LOS ANGELES.

38.    As a direct and proximate result of the conduct of LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, SHERIFF LEROY BACA, and the COUNTY OF LOS ANGELES and Does 1 through 20, and each of them, Decedent EARL LEE JOHNSON suffered the following injuries and damages for which Plaintiff may recover:

a.    Violation of Decedent EARL LEE JOHNSON's Constitutional Rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from unreasonable search and seizure of his person, deprivation of life and liberty and denial of due process of law;

b.    Loss of life of EARL LEE JOHNSON including the value of his life;

c.    Conscious physical pain, suffering and emotional trauma.

39.    As a direct and proximate result of the actions of defendants LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, SHERIFF LEROY BACA, and the COUNTY OF LOS ANGELES and Does 1 through 20, and each of them, Plaintiff has also suffered the following injuries, including but not limited to:

d.    Loss of love, aide, comfort and society due to the death of Decedent EARL LEE JOHNSON, according proof;

e.    Loss of economic support of Decedent EARL LEE JOHNSON;

f.    Funeral and burial expenses according to proof; and

13

**COMPLAINT**

g.      Pain and suffering of Decedent EARL LEE JOHNSON.

40.    The conduct of defendants LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, SHERIFF LEROY BACA, and the COUNTY OF LOS ANGELES and Does 1 through 20, and each of them, was reckless and acted with callous indifference to the federally protected rights of Decedent EARL LEE JOHNSON and Plaintiff.   Defendants LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, SHERIFF LEROY BACA, and the COUNTY OF LOS ANGELES and Does 1 through 20, and each of them engaged in despicable conduct by using unreasonable and excessive force and were malicious and in reckless and conscious disregard for the rights and individual safety of Decedent. As such, Plaintiff is entitled to punitive damages and in accord with constitutionally permitted limits to punish and make an example of individual defendant officers.

41.    Plaintiff is entitled to an award of attorneys' fees, costs and expenses under 42 U.S.C. §1988, as a result of defendants LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, SHERIFF LEROY BACA, and the COUNTY OF LOS ANGELES and Does 1 through 10's violation of Decedent EARL LEE JOHNSON's and Plaintiffs civil rights.

## SECOND CAUSE OF ACTION
### DEPRIVATION OF CIVIL RIGHTS UNDER COLOR OF LAW
### (MONELL CLAIM)
### [42 USC §§ 1983, 1985, 1986 AND 1988]
### (Plaintiffs Against All Defendants)

42.    The allegations of every other paragraph of this Complaint are hereby incorporated by reference as if set forth in full.

43.    At all times herein mentioned, Defendants LOS ANGELES

14

**COMPLAINT**

COUNTY SHERIFF'S DEPARTMENT, SHERIFF LEROY BACA, and the COUNTY OF LOS ANGELES and Does 1 through 20 maintained a custom, policy and practice to allow the violation of Civil Rights, including racial providing of African Americans, use of excessive force upon African Americans, failing to provide adequate security at the Men's Central Jail, failing to provide adequate housing conditions in the Men's Central Jail, failing to protect Decedent EARL LEE JOHNSON, viciously beating him and the hanging of Decedent which ultimately led to his death.   All of these actions were done in violation of Decedent EARL LEE JOHNSON's and Plaintiff's civil rights under Color of State of Law and constituted a systematic custom, policy, practice and procedure instituted for denial of the Civil Rights of Plaintiffs and others.

44.   Prior to September 27, 2014, LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, SHERIFF LEROY BACA, and the COUNTY OF LOS ANGELES and Does 1 through 20 developed and maintained policies or customs exhibiting deliberate indifference to the Constitutional Rights of African Americans, which caused the violation of Decedent EARL LEE JOHNSON and Plaintiff's civil rights.

45.   It is the policy and/or custom of LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, SHERIFF LEROY BACA, and the COUNTY OF LOS ANGELES and Does 1 through 20, to inadequately supervise and train their officers and failing to protect, monitor and provide adequate housing conditions to inmates thereby failing to adequately discourage constitutional violations on the part of its officers.

46.   As a result of the above described policies and/or customs, LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, SHERIFF LEROY BACA, and the COUNTY OF LOS ANGELES and Does 1 through 20 believed that their actions would not be properly monitored by supervisory officers and that

COMPLAINT

1  misconduct would not be investigated or sanctioned, and would be tolerated and
2  accepted.
3      47.    The above-described policies or customs demonstrated a deliberate
4  indifference on the party of the policy makers of LOS ANGELES COUNTY
5  SHERIFF'S DEPARTMENT, SHERIFF LEROY BACA, and the COUNTY OF
6  LOS ANGELES and Does 1 through 20 to the constitutional rights of person
7  within their jurisdiction, and were the cause of the violations of Decedent EARL
8  LEE JOHNSON and Plaintiffs' civil rights as alleged herein.
9      48.    As a direct and proximate result of the conduct of LOS ANGELES
10 COUNTY SHERIFF'S DEPARTMENT, SHERIFF LEROY BACA, and the
11 COUNTY OF LOS ANGELES and Does 1 through 20, Decedent EARL LEE
12 JOHNSON suffered the following injuries and damages for which Plaintiff may
13 recover:
14         a.    Violation of Decedent EARL LEE JOHNSON's Constitutional
15 Rights under the Fourth and Fourteenth Amendments to the United States
16 Constitution to be free from unreasonable search and seizure of his person,
17 deprivation of life and liberty and denial of due process of law;
18         b.    Loss of life of EARL LEE JOHNSON including the value of
19 his life;
20         c.    Conscious physical pain, suffering and emotional trauma; and
21         d.    Pain and suffering for Decedent EARL LEE JOHNSON.
22
23     49.    As a direct and proximate result of the actions of defendants LOS
24 ANGELES COUNTY SHERIFF'S DEPARTMENT, SHERIFF LEROY BACA,
25 and the COUNTY OF LOS ANGELES and Does 1 through 20, and each of them,
26 Plaintiff has also suffered the following injuries, including but not limited to:
27
28

**COMPLAINT**

a.   Loss of love, aide, comfort and society due to the death of Decedent EARL LEE JOHNSON, according proof;

b.   Loss of economic support of Decedent EARL LEE JOHNSON; and

c.   Funeral and burial expenses according to proof; and

d.   Pain and suffering for EARL LEE JOHNSON.

50.   The conduct of defendants LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, SHERIFF LEROY BACA, and the COUNTY OF LOS ANGELES and Does 1 through 20, and each of them, was reckless and acted with callous indifference to the federally protected rights of EARL LEE JOHNSON and Plaintiff.   Defendants LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, SHERIFF LEROY BACA, and the COUNTY OF LOS ANGELES and Does 1 through 20, and each of them engaged in despicable conduct by using unreasonable and excessive force and were malicious and in reckless and conscious disregard for the rights and individual safety of Decedent.   Furthermore, the actions of defendants in the subsequent cover up is similarly despicable.   As such, Plaintiff is entitled to punitive damages and in accord with constitutionally permitted limits to punish and make an example of individual defendant officers.

51.   Plaintiff is entitled to an award of attorneys' fees, costs and expenses under 42 U.S.C. §1988, as a result of defendants LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, SHERIFF LEROY BACA, and the COUNTY OF LOS ANGELES and Does 1 through 20's violation of Decedent EARL LEE JOHNSON's and Plaintiffs civil rights.

//

//

//

//

17

**COMPLAINT**

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, for each cause of action, as follows:

1.     For all general, special and punitive damages for an amount in excess of $25 million;

2.     For all special damages, including, but not limited to, lost wages and future earning capacity;

3.     For all general damages including, but not limited to, damages for pain, suffering, anguish, discomfort, severe emotional distress, disgust, terror, fright, anger, anxiety, worry, nervousness, shock, anguish and mental suffering, loss of enjoyment of life, loss of ability to engage in normal and customary activities, loss of comfort, society, care and companionship;

4.     For the physical pain and suffering of Decedent EARL LEE JOHNSON from September 27, 2014 to October 18, 2014;

5.     For other and further special damages in a sum according to proof at the time of trial;

6.     For other and further general damages in a sum according to proof at the time of trial;

7.     For funeral and burial expenses, according to proof;

8.     For prejudgment interest according to proof;

9.     For punitive damages against all defendants involved in the hanging death of EARL LEE JOHNSON and subsequent cover up and Does 1 through 20;

10.    For costs of suit incurred herein;

11.    For other and further relief as this court may deem just and proper;

//
//
//
//

18

**COMPLAINT**

12.    For legal fees, expenses and costs incurred in prosecution in the present action for violation of Civil Rights pursuant to 42 U.S.C. section 1988.

Dated:   April 7, 2015                              ORLAND LAW GROUP

                                               By: _____
                                                   James J. Orland
                                                   Jeffrey J. Olin
                                                   Attorneys for AVEAN EDWARDS,
                                                   individually and as a Personal
                                                   Representative of Earl Lee Johnson

COMPLAINT

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demand a jury trial in the instant action on all states causes of action.

Dated:   April 7, 2015

ORLAND LAW GROUP

By: _____

James J. Orland
Jeffrey J. Olin
Attorneys for AVEAN EDWARDS,
individually and as a Personal
Representative of Earl Lee Johnson

20

**COMPLAINT**